## No. 565
### RIPPEY v. SLATER
Ohio Appeals, 2nd Dist., Franklin Co.
No. 1670.    Decided April 12, 1927.

1197. TRUSTS—Parol Evidence—Although trust may be engrafted on an absolute deed by parol evidence, declaration thereof must be contemporaneous with the deed, and evidence beyond a reasonable doubt as to existence of the trust, and must be clear and conclusive as to its terms and conditions.

First Publication of this Opinion

BY THE COURT.

This action was brought to engraft a parol trust upon a deed executed by Marietta Harris to Jennie Slater. The Franklin Common Pleas refused to grant the relief and plaintiff appealed. Plaintiff testified to an oral agreement between himself and William Slater whereby the latter was to purchase the property in question from Marietta Harris with the understanding that the property was to be sold and the profits divided equally between Slater and this plaintiff.

Title was taken in the name of Jennie Slater, wife of William Slater, which Rippey claims was done to avoid complications which might arise by virtue of the indebtedness of Mr. Slater; and that the same arrangement would subsist between Mrs. Slater and Rippey as existed between Mr. Slater and Rippey.

The Court of Appeals held:—

1. The option contract between Marietta Harris and Mrs. Slater contains no reference to the interest of plaintiff, nor does the deed to Mrs. Slater.

2. There is very little if any direct evidence to connect Mrs. Slater with the parol agreement.

3. The law of this State is clear to the effect that "A trust engrafted on an absolute deed may be shown by parol evidence; but the declaration of such trust must be contemper-

aneous with the deed, and the evidence beyond a reasonable doubt as to the existence of the trust, and must be clear, certain, and conclusive as to its terms and conditions." Russell v. Bruer, 64 OS. 1. See also Winder v. Schaley, 83 OS. 229.

4. Reviewing the entire evidence, Rippey has not made out a case by that degree of evidnce which the law requires.

Decree for defendant.

(Ferneding, Kunkle and Allread, JJ., concur.)

Attorneys—Thomas J. Hartley and Adolph Goldfrederick for Rippey; Chapin B. Beem for Slater; all of Columbus.